DOWD v. DOWD.

LOG-LIEN PROCEEDINGS — DISCONTINUANCE — SECOND STATEMENT—
ESTOPPEL—WAIVER OF LIEN.
* 1. Where a statement of lien is made, and proceedings com-
menced thereunder, but discontinued, and a second state
ment of lien is made, the first proceedings do not constitute-
an estoppel against the second, where the lienor has con-
tinued to work between the last day's labor as fixed by the
first statement, and the last day as fixed by the second.
2. An instruction by the lienor·to pay his wages to the princi-
pal defendant does not operate as a waiver of the lien, only
so far as such instruction has been acted upon and the
amount paid.

Error to Grand Traverse; Mayne, J.    Submitted March
7, 1901.   Decided May 21, 1901.

Log-lien proceedings by Albyn Dowd against Charles
S. Dowd, principal defendant, and Clarence C. Tuxbury,
Charles S. Bacon, Bayard T. Bacon, and Charles M.
Ayer ( the last three named doing business as Bacon Bros.
& Ayer ), timber owners.   From a judgment for plaintiff,
defendant timber owners bring error.   Affirmed.

This suit was brought to enforce a lien for work and
labor upon timber, was tried by the court without a jury,
and a finding of facts and law made.   From the finding
it appears that the defendant Tuxbury entered into a con-
tract with defendants Bacon Bros. & Ayer to manufac-
ture and sell to them 6,000,000 shingles, to be manufac-
tured from cedar timber on certain described lands.   The
principal defendant, Dowd, owned a shingle mill, which
he removed to a site on or near these lands, upon an
agreement with Tuxbury to manufacture the shingles.
Plaintiff worked for defendant Dowd.   On September 9th

* Head-notes by GRANT, J.

he commenced attachment proceedings against said shingles, alleging that the last day's labor was done on the 18th day of August. This proceeding was discontinued, and another statement of lien made September 19th, in which it was stated that the last day's labor was done on August 28th. Upon this latter statement this suit is based. When not engaged at the mill, plaintiff assisted in building roads and in hauling and skidding timber. From August 18th to August 28th he was employed in removing refuse from the mill, building roads, and getting out timber to manufacture into shingles; but no shingles were cut between August 18th and 28th. Plaintiff informed Tuxbury that he should pay the principal defendant for his labor, and Tuxbury did pay said principal defendant $75.17. Upon this state of facts the court rendered judgment against the principal defendant for $200, and found a lien upon the shingles for $124.83.

*Underwood & Umlor*, for appellants.

*M. M. Larmonth*, for appellee.

GRANT, J. (*after stating the facts*). The filing of the first statement of lien and the discontinuance of proceedings thereunder did not constitute an estoppel against the second statement of lien. Neither did the instruction to Tuxbury to pay plaintiff's wages to the principal defendant operate as a waiver, only so far as such instruction was acted upon and the amount paid. There was no novation, and plaintiff was at liberty to rescind this instruction at any time, and insist upon his lien.

Judgment affirmed.

The other Justices concurred.